IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRISTEN BROOKE TRUSTY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. H-20-235 |
| | § | |
| WALMART INC., | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendant Wal-Mart Stores Texas, LLC's ("Walmart") partial motion to dismiss. Dkt. 3. Plaintiff Kristen Brooke Trusty ("Trusty") did not respond. After reviewing the motion, pleadings, and applicable law, the court is of the opinion that Walmart's motion (Dkt. 3) should be **GRANTED**.

**I. BACKGROUND**

This case involves Walmart's alleged misidentification of Trusty, which led to her arrest and detention by local law enforcement. On December 23, 2017, Trusty went shopping at a Walmart store in Conroe, Texas. Dkt. 1-2 ¶ 5. She alleges that during this shopping trip Walmart incorrectly identified her to on-duty Conroe officers as "the perpetrator of an altercation between store patrons." *Id.* at ¶¶ 5, 9. According to Trusty, an officer grabbed her shoulder while another officer forced her to the ground. *Id.* ¶ 5. She was arrested and transported to the police station, where she was detained and charged with (1) criminal trespass; (2) resisting arrest, search, or transport; and (3) failure to identify a fugitive from justice. *Id.* Trusty pled not guilty to all counts, and the charges were dismissed by June 18, 2018. *Id.*

Trusty filed her original petition against Walmart on December 20, 2019 in the 284th Judicial District Court, Montgomery County, Texas. Dkt. 1-2 ¶ 6. Walmart removed Trusty's claims to this court on January 21, 2021. Dkt. 1.

On February 3, 2020, Walmart filed a partial motion to dismiss Trusty's claims for failure to state a claim. Dkt. 3. Walmart challenges Trusty's claims for malicious criminal prosecution, invasion of privacy for intrusion on seclusion, and direct liability claims for assault, battery, or offensive contact battery. Dkt. 3 ¶ 17. Furthermore, Walmart claims that Trusty "has not pleaded viable claims for liability based on assisting or encouraging the actions of law enforcement." *Id.*

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). At the pleading stage, the court must "accept all well-pleaded facts in the complaint as true and view the facts in the light most favorable to the plaintiff." *O'Daniel v. Indus. Serv. Sols.*, 922 F.3d 299, 304 (5th Cir. 2019). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 679. "[D]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009). When evaluating whether a plaintiff can establish a state court claim, district courts apply the substantive law of the forum state. *Hughes v. Tobacco*

*Institute, Inc.*, 278 F.3d 417, 421 (5th Cir. 2001) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

### III. ANALYSIS

A.   *The Statute of Limitations Has Run on Trusty's Malicious Prosecution Claim*

First, Trusty alleges that Walmart caused the prosecution of several charges against her, which she claims were brought maliciously. Dkt. 1-2 ¶ 12. In Texas, a person must bring suit for malicious prosecution no later than one year after the cause of action accrues. Tex. Civ. Prac. & Rem. Code § 16.002(a). The claim accrues when the criminal prosecution ends. *Mead v. Property Owners' Ass'n of Teringua Ranch, Inc.*, 410 S.W. 3d 434, 438 (Tex. App.—El Paso 2013, no pet.); *Roehrs v. Conesys, Inc.*, 332 Fed. App'x 184, 189 (5th Cir. 2009).

Trusty states that the criminal prosecutions against her were filed on December 23, 2017, and terminated no later than June 18, 2018. Dkt. 1 ¶ 12  Trusty filed her original petition on December 20, 2019, nearly eighteen months after the criminal prosecution ended. Dkt. 1-2. The statute of limitations has run and Trusty's malicious prosecution claim is barred.

B.   *There Was No Intrusion on Seclusion Because Trusty Was in A Public Store*

Trusty further alleges that Walmart intruded on her "peaceful act of shopping" when the Conroe police officers arrested her. Dkt. 1-2 ¶ 11. A common law right to privacy exists under Texas law. *Billings v. Atkinson*, 489 S.W.2d 858, 860 (Tex.1973). A tortious intrusion on seclusion occurs when (1) an intentional intrusion, physically or otherwise, upon another's solitude, seclusion, or private affairs or concerns, which (2) would be highly offensive to a reasonable person. *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993). "The core of the tort . . . is the offense of prying into the *private* domain of another." *Clayton v. Richards*, 47 S.W.3d 149, 153 (Tex.

3

App.—Texarkana 2001, pet. denied) (emphasis added). Intrusion on seclusion "is generally associated with either a physical invasion of a person's property or eavesdropping on another's conversation with the aid of wiretaps, microphones, or spying." *Cornhill Ins. PLC v. Valsamis, Inc.*, 106 F.3d 80, 85 (5th Cir. 1997). Texas courts do not assign liability under this theory in a public space. *See Vaughn v. Drennon*, 202 S.W.3d 308, 320 (Tex. App.—Tyler 2006, pet. denied) (noting that "one cannot expect to be entitled to seclusion when standing directly in front of a large window with the blinds open or while outside").

Trusty claims that Walmart employees "caused or contributed to cause the involvement" of police officers, who physically contacted her while she was shopping. Dkt. 1-2 ¶ 11. There was no intrusion upon her solitude, seclusion, or private affairs or concerns because she was in a public space, namely a Walmart store. Trusty has failed to state a viable claim under Texas law for an invasion of privacy based on intrusion on seclusion.

C. *Trusty Has Not Established That a Walmart Employee Committed an Assault, Battery, or Engaged in Offensive Contact Against Her*

Trusty's claims for civil assault, battery, and offensive contact form the core of her suit. Dkt. 1-2 ¶¶ 8-10. Because each claim fails for the same reason, the court will analyze these claims together.

A person commits an assault by "intentionally or knowingly caus[ing] physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001) (quoting Tex. Penal Code Ann. § 22.01); *see also Forbes v. Lanzl*, 9 S.W.3d 895, 899 (Tex. App.—Austin 2000, pet. denied) (noting the elements of assault are the same in both civil and criminal cases in Texas).

4

Under Texas law, the elements of battery are: (1) offensive touching by the party committing the offense; (2) with any part of a plaintiff's person. *Price v. Short*, 931 S.W.2d 677, 687 (Tex. App.—Dallas 1996, no writ.). Under an offensive contact theory, "the defendant is liable not only for contacts which cause actual physical harm, but also those which are offensive and provocative." *Cotroneo v. Shaw Env't & Infrastructure, Inc.*, 639 F.3d 186, 195 (5th Cir. 2011).

Trusty also asserts a theory of participatory liability. Dkt. ¶ 13. But Texas has not adopted a "concert of action" theory as an alternative to the direct liability theory required for assault or battery claims. *Juhl v. Airington*, 936 S.W.2d 640, 643-44 (Tex. 1996) (noting that this theory encompasses "those who lend aid or encouragement to the wrongdoer" and remains an "open question" under Texas law).

Trusty alleges that there was "actual offensive or harmful contact *by the police*," but does not allege that Walmart committed an assault, battery, or any offensive contact directly against her. *See* Dkt. 1-2 ¶ 8-10. She claims that "Walmart's employees intentionally put Plaintiff in fear and/or apprehension of physical contact" by male police officers and alleges that Walmart "intended for such contact (battery) to occur due to their" mistaken belief she was the perpetrator of a prior crime in the store. *Id.* ¶¶ 8-9. She further alleges that Walmart's employees "knew or should have known the Plaintiff would regard the contact [of the police officers] to be offensive." *Id.* ¶ 10. Each of the allegations are based upon contact initiated by "on-duty Conroe police officers," not Walmart employees. *Id.* ¶ 5. By her own admission, Trusty fails to establish the direct liability required for assault or battery in Texas.

Even if Texas courts were to recognize a "concert of action" theory (otherwise known as assisting and encouraging) of liability for civil assault or battery, Trusty fails to allege sufficient facts

to establish such a claim. Trusty states that Walmart employees "intentionally put her in fear and/or apprehension of physical contact" by Conroe police, but she does not allege that Walmart had any control over the actions of the officers. *Id.* ¶ 8. Nor does Trusty allege that Walmart actively assisted or encouraged law enforcement in their interactions with her, or that Walmart employees knew the officers would commit torts against her. Therefore assuming "concert of action" is a viable theory for assault or battery liability, such a theory has no merit based on the facts alleged. Trusty's claims for civil assault, civil battery, offensive contact, and participatory liability-assisting or encouraging must fail.

D.  *Walmart Employees Did Not Influence Conroe Police to Detain or Arrest Trusty[1]*

Finally, Trusty alleges Walmart caused her arrest and detention, which she alleges were unlawful, and therefore Walmart is liable for false arrest or imprisonment. Dkt 1-2 7. False imprisonment liability arises when a defendant willfully detains the plaintiff without the authority of law. *See Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). The Texas Supreme Court has explicitly adopted comment C to section 45A of the Restatement (Second) of Torts, which states one who instigates a confinement "is subject to liability to the person confined for the false imprisonment. In the case of an arrest, it is the equivalent, in words or conduct, of 'Officer, arrest that man!'" *Id.* at 507-08. However, "[i]t is not enough for instigation that the actor

---

[1] Although Walmart did not bring up the dismissal of this claim specifically, it does argue that Trusty "has not pleaded viable claims for liability based on assisting or encouraging the actions of law enforcement." Dkt. 3 ¶ 17. Nonetheless, a district court may dismiss a case *sua sponte* for failure to state a claim if the procedure employed is fair to both parties. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.1998) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 at 301 (2d ed.1990)). Trusty will have an opportunity to amend her pleadings, which constitutes a fair procedure.

has given information to the police about the commission of a crime, or has accused the other of committing it, so long as he leaves to the police the decision as to what shall be done about any arrest, without persuading or influencing them." *Id.*

Trusty states that Walmart employees "misidentified" her to Conroe police officers. Dkt. 1-2 ¶ 5. But she does not allege the employees directed the officers to arrest her, or that Walmart confined her. Trusty has not stated a claim for false imprisonment or false arrest because she failed to allege sufficient facts to show Walmart employees instigated her arrest or detained her. Her false imprisonment and false arrest claims are dismissed.

### IV. Conclusion

For the reasons stated above, Trusty has not pleaded any claims to which she is entitled to relief. However because Trusty neither responded to Walmart's motion nor did Walmart move for dismissal on all claims, the court will allow Trusty 14 days to amend her pleading. If no amended complaint is filed within 14 days of this order, Walmart's motion to dismiss (Dkt. 3) will be **GRANTED**, and all of Trusty's claims will be **DISMISSED WITHOUT PREJUDICE**.

Signed in Houston, Texas on May 13, 2020.

_____
Gray H. Miller
Senior United States District Judge