UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KRISTEN BROOKE TRUSTY § | |
| § | |
| VS. § | CIVIL ACTION No. 4:20-cv-00235 |
| § | |
| WALMART and JANE DOES and § | |
| JOHN DOES § | |

# PLAINTIFF'S 1st AMENDED PETITION

Now comes Kristen Brooke Trusty, Plaintiff, complaining of Walmart and of identities unknown of several Walmart employees temporarily identified herein as Jane Doe and John Doe, Defendants, and shows the following:

**1.     PARTIES.**

**A. Plaintiff**: The Plaintiff is Kristen Brooke Trusty, who was a resident of Montgomery County, Texas at the time of the incident in question but is currently a resident of New-Waverly, Walker County, Texas. Her Social Security number ends with xxx-xx-2611. Her Texas driver's license number ends with xxxxx313.

**B. Defendant Walmart**: The Defendant, Walmart, is the largest retailer in America. Walmart has registered three entities with the Texas Secretary of State that may or may not be the entity that owns and operates the retail store in Conroe, Texas where the incident in question occurred. In an abundance of caution, each entity is named herein. Fortuitously, all three entities have the same registered

agent and the same registered office. Citations for each Walmart entity were issued and served in the state court (since removed). The three legal entities served are:

- <u>Wal-Mart Store East, LP</u>, which is a foreign limited partnership registered to do business in Texas per Texas Secretary of State ("TX SOS") Filing Number 800044034;

- <u>Wal-Mart Stores Texas, LLC,</u> which is a foreign limited liability company registered to do business in Texas per Texas Secretary of State ("TX SOS") Filing Number 800834865; and

- <u>Walmart, Inc</u>., which is foreign limited partnership registered to do business in Texas per Texas Secretary of State ("TX SOS") Filing Number 3668006.

All three eWalmart ntities appeared and answered in the state court case. Notice of this amended petition will be delivered by eFilng through PACER and will be emailed to counsel for Walmart, Mr. John Ramirez of Bush & Remirez at his email address of Jramirez.atty@bushramirez.com

**C. Defendants Jane Doe(s) and John Doe(s).** There were at least two more Walmart employees who were present during the incident whose negligence contributed to the damages suffered by Plaintiff. As soon as they have been identified they will be served with citation herein.

3. **JURISDICTION.** This is a court of general jurisdiction. The amount in dispute is with the minimum jurisdictional limits of this court. Plaintiff is making a tort claim, which is within this court's general jurisdiction. Plaintiff was a resident of Montgomery County where the incident occurred. Walmart operates the retail store where the incident began and occurred, at least in part, with the entirety of the incident occurring within Montgomery County. Hence, the state court acquired jurisdiction over the claim and *in personam* jurisdiction over all parties when the Walmart Defendants were served with citation. This case was removed to this court pursuant to Diversity of Citizenship, 28 U.S.C. § 1332. The amount in dispute is greater than $75,000. Accordingly, this court has jurisdiction.

4. **VENUE**. The incident occurred at the Walmart store at 1407 N Loop 336 W., Conroe, Montgomery County, Texas. Venue is proper in this district under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

5. **FACTS**. On December 23, 2017 Plaintiff was on a Christmas shopping trip to the Walmart store in Conroe on Loop 336 accompanied by brother, Brett Howell, her sister, Samantha Howell, and Samantha Howell's baby girl, Marlie, who in a basket (the "Trusty Family Group"). On that date the Conroe Walmart store was crowded and noisy with last minute Christmas shoppers. Three customers not in the Trusty Family Group (two males and one female) were in the same aisle as the Trusty Family. The female customer started to go around the Trusty Family Group. 'The female customer initiated an

argument with Kristen Trusty, her brother Brett Howell and her sister Samantha Howell. Thus unknown female customer made an insulting remark about the little girl's bi-racial identity. Kristen Trusty, Samantha Howell and Brett Howell had been waiting for a price check and were occupying part of the aisle apparently angering the woman who was accompanied by two males. After both parties separated the younger of the two males ran back and hit Kristen Trusty's brother in the face. The assailant was older and bigger than Brett Howell so Brett Howell made no attempt to fight back. His attacker fled bumping into Kristen Trusty. In the process of escaping the attacker of Brett Howell fell down, got up, rejoined the older couple and continued walking in the next aisle over from the Trusty Family Group.

Shortly thereafter, three Walmart employees approached the Trusty Family Group and asked if the Trusty Family Group was involved in the disturbance. The Trusty Family Group told the three Walmart employees that Brett Howell had been assaulted and told the Walmart employees that the assailant customers were still there in the next aisle. The Trusty Family Group asked for an officer to investigate so Brett Howell could file charges. Instead of calling for an officer to assist them the Walmart lady, who was apparently a manager, told the Trusty Family Group to leave and to make no attempt to talk to the assailant group. Brett Howell and Samantha Howell (with the baby) continued to insist that the Walmart manager (believed to be a manager) call an officer so that a complaint could be filed. At this point Kristen Trusty asked the name of the female Walmart employee (believed to be a manager). The apparent manager said "Lillian". Kristen Trusty then asked the apparent manager what Lillian's last name was but the apparent manager said she

would not give that information to Kristen Trusty and further asked Kristen Trusty why Kristen Trusty was asking for her name. Kristen Trusty responded that she wanted to file a complaint against her and asked if they (Walmart) would know who the apparent manager was if Kristen Trusty wanted to tell Walmart who it was that Kristen Trusty wanted to file an in store customer relations complaint. Kristen Trusty was told by this apparent manager that Walmart would know who she was by the simple identification of the apparent manager's first name of Lillian.

Immediately after this verbal exchange, Kristen Trusty disengaged from the apparent manager and began walking away. Kristen Trusty called her husband on her cell phone while she was walking away from the apparent manager and she was able to get her husband on the line. Kristen Trusty returned to the Trusty Family Group. The Trusty Family Group complied with the command of the apparent manager and were walking with the Walmart employees toward the first of two aisles that led to the front door. It was at this point that two Conroe police officers joined the three Walmart employees. The Howells (Brett and Samantha) asked the Conroe police officers and the Walmart employees to detain the assailant but no action to detain the assailant was taken. Kristen Trusty was walking approximately 20 feet in front of the three Walmart employees, which employees were, at this moment in time, escorting the Howells with their child to the exit. Kristen Trusty was unaware that the two police officers had joined the Walmart employees as part of this "Exit Parade". Kristen Trusty was walking in the direction of the aisle that led to the second Walmart exit where Kristen Trusty's car was parked outside. While walking to the exit Kristen Trusty was still talking on the cell phone with her husband,

Jason Trusty, unaware of the Exit Parade behind Kristen Trusty. Brett Howell observed the officers approach Kristen Trusty from behind her and one officer grabbed Kristen Trusty's arm twisting her arm behind her back. Kristen Trusty reacted instinctively not knowing who was grabbing her and tried to pull away. The second officer joined with the first officer knocking Kristen Trusty to the floor, her cell phone out of her hand and breaking her collarbone. As soon as Kristen Trusty realized that the persons who knocked her down were police officers she stopped resisting for the rest of the time she was detained including her time in the jail. While Kristen Trusty and the officers were in the parking lot, Kristen Trusty's husband, Jason Trusty, arrived and told the officers that he was her husband and he identified Kristen Trusty by name. Jason Trusty showed his identification card to the officers. Jason Trusty asked the officers why they were arresting his wife. At that point, the officers told him to leave the property or he would be arrested as well.

At the jail one of the arresting officers told the jailer words to the effect that "…this one [Kristin] is a problem".  Kristen Trusty was strip searched, made to squat and cough naked. Her pain at this point made it difficult to cough but they kept on insisting she cough over and over again. Kristen Trusty was then put in an isolation cell naked. Kristen Trusty was asked from time to time if she was ready to "cooperate". Kristen Trusty remained silent. After a while they took her out "naked" into the area where the computers were located. Four male officers stood watch while two female officers strapped Kristen naked into a chair all the while videoing Kristen Trusty. Kristen Trusty did not resist and did not indicate that she was going to hurt anyone or herself. Kristen Trusty told the jail staff that she was in a lot of pain. One of the jailers responded that Kristen Trusty would have to pay

$75/00 dollars for an x-ray. Kristen Trusty did not $75.00 so Kristen Trusty was not treated until she was bailed out of jail. Kristen Trusty went to Conroe Hospital where they told her the bone was too badly broken and would need to be surgically repaired and that would require $3,000. Kristen Trusty is a 23 year old stay-at-home mother of three toddlers and her husband, Jason Trusty, is an overhead door contractor with no health insurance. Both have clean police records. They are church going citizens who are supportive of private enterprise and law enforcement.

Tristen Trusty was identified by Walmart employees to on-duty Conroe police officers who were in the store at that time handling an unrelated shoplifting incident. The act of grabbing Kristen Trusty was performed by the police officers at the direction of the Walmart employees without the consent or foreknowledge of Kristen Trusty and at a time and under circumstances were Kristen Trusty was, in effect, "blindsided" . She was grabbed on her shoulder by an officer. A second officer forced her to the ground. She was arrested, transported to the police station, stripped naked, viewed by male and female officers, and charged with three misdemeanors including:

- Criminal trespass;
- Resisting arrest, search or transport; and
- Failure to identify a fugitive from justice.

Plaintiff pled not guilty to all charges because she was innocent. All of the cases against her were dismissed by June 18, 2018.

6. **RESPONDEAT SUPERIOR**. Jane Doe or Jane Does and John Doe or John Does were the three Walmart employees involved in this incident, one of whom may have the first name of "Lillian". All three were acting within the course and scope of their employment with Walmart when this incident took place.

7. **PARTICIPATORY LIABILITY-ASSISTING OR ENCOURAGING.** Defendants knew that the conduct of one or more of their fellow Walmart co-employees constituted a tort or wrongful act against Plaintiff. Each Walmart employee acted with the intent to assist each other in the wrongful acts or substantially encouraged their fellow Walmart employees by involving the police already in the store to view Plaintiff as a criminal. The Walmart employees' assistance and/or encouragement was a substantial factor in causing the assault and battery on Kristen Trusty and her subsequent arrest, imprisonment, and prosecution. Such participation caused or contributed to her damages.

8. **COUNT 1 – CIVIL ASSAULT.** The elements of assault are the same in civil and criminal suits. A person commits an assault if the person

(a) intentionally, knowingly or recklessly causes bodily injury to another, including the person's spouse;

(b) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or

(c) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact

as offensive or provocative. Tex. Penal Code Ann. § 22.01(a) (Vernon Supp. 2010).

The common law tort of assault exists to redress personal injury caused by offensive physical contact or the threat of imminent bodily injury. The Walmart employees made statements to the police and performed actions that caused the police to physically assault Kristen Trusty.

Walmart's employees intentionally put Plaintiff in a position to be physically injured when the Walmart employees instructed the Conroe police officers to apprehend Kristy Trusty before she left the Walmart store. This civil assault resulted in the police officers grabbing her from behind, forcing her to the ground, and breaking her shoulder. The Walmart employees either intentionally, knowingly or recklessly caused personal injury to Kristen Trusty by the words they spoke to the police officers.

9. **COUNT 3 - CIVIL BATTERY**. The elements of a civil battery are

   (a) Intent to commit an act;

   (b) Which act results in non-consensual contact;

   (c) Which act is either harmful or offensive to the claimant.

The Walmart employees intended by their words spoken to the police officers for contact to be made to Kristen Trusty, which was not consensual. The contact with Ms. Trusty was both harmful and offensive. Her shoulder was broken. This is civil

battery. Defendants intended for such contact (battery) to occur due to their belief that Plaintiff was the perpetrator of an altercation between store patrons when she was not the perpetrator.

**10.    COUNT 4 - FALSE ARREST / IMPRISONMENT**.  The elements of a claim for false arrest and/or false imprisonment are:

(a) a willful detention;

(b) without consent; and

(3) without authority of law.

*Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002); see also, Smith v. Wal-Mart Stores, Inc., 2019 WL 5457798 (U.S. Dist. Ct., Southern Dist., Texas, Houston Division, Judge Hanen, Oct. 24, 2019).

The *Rodriguez* court also stated that "… liability for false imprisonment extends beyond those who willfully participate in detaining the complaining party to those who request or direct the detention." *Rodriguez*, at page 507. The Walmart employees spoke words to the Conroe police officers that identified Kristen Trusty as a criminal triggering the officers' actions to grab her, to take her to the ground, to arrest her, to imprison her and to charge her. There was a willful detention of her freedom to move, which detention was done without her consent and was done without the authority of flaw. The Walmart employees did not have probable cause to state to the

police officers that Kristen Trusty had violated a law that would trigger her detention. The false arrest and imprisonment of Plaintiff caused damage to her.

11. **COMPENSATORY DAMAGES.** Plaintiff has been damaged proximately caused by the actions and/or omissions of one or more or all of the Defendants. Her damages are within the jurisdictional limits of this court. Her damages including the following:

    a.    Physical pain in the past and future.

    b.    Mental anguish in the past and future.

    c.    Medical expenses in the past and future.

    d.    Loss of earning capacity in the past and future.

    e.    Attorney fees incurred to defend herself caused by the false arrest and false imprisonment.

    f.    Any medical and counseling expenses incurred by Plaintiff as a direct result of the assault, the battery, and the arrest.

12. **EXEMPLARY DAMAGES.** Plaintiff's injuries resulted from Defendants' gross negligence and malice, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code. The Walmart employees' actions on December 23, when viewed objectively at that time involved an extreme degree of risk, considering the probability and magnitude of potential harm to Kristen Trusty to be gross negligence; and those actions were done with actual, subjective awareness of the risk involved, but nevertheless the Walmart employees proceeded with conscious indifference

to the rights, welfare and safety of Kristen Trusty. Accordingly, the jury should be charged with a gross negligence question and award damages not to exceed the limits set by the Texas Exemplary Damages Act, Texas Civil Practices & Remedies Code, Chapter 41.

**16.     PRAYER.** For these reasons, plaintiff asks that the court conduct a trial and then enter a judgment on a jury verdict finding fault against the Defendants for the following:

a. Actual damages;

b. Exemplary damages;

c. Interest, both prejudgment and post judgment;

d. Court costs;

e. All other relief to which plaintiff is entitled.

## CERTIFICATE OF SERVICE

This was eFiled by PACER on May 29, 2020 and will be emailed to John Ramirez on, June 1, 2020 at his email address of Jramirez.atty@bushramirez.com

**MATTINGLY LAW FIRM**

*[signature]*

By: Edward A. Mattingly          TBN 13228500
9426 Katy Freeway, Building #10, Houston, Texas 77055
713.467.4400 – voice          ed@mattinglylawfirm.com
ATTORNEY FOR PLAINTIFF