UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KRISTEN BROOKE TRUSTY, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-20-235 |
| § | |
| WALMART INC., § | |
| § | |
| *Defendant*. § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Wal-Mart Stores Texas, LLC's ("Walmart") motion to dismiss. Dkt. 12. Plaintiff Kristen Brooke Trusty ("Trusty") did not respond. After reviewing the motion, pleadings, and applicable law, the court is of the opinion that Walmart's motion should be **GRANTED**.

**I. BACKGROUND**

This case involves Walmart's alleged misidentification of Trusty, which led to her arrest and detention by local law enforcement. On December 23, 2017, Trusty went shopping at a Walmart store in Conroe, Texas. Dkt. 11 ¶ 5. She alleges that during this shopping trip Walmart employees "made statements to the police and performed actions" identifying her to on-duty Conroe officers as the perpetrator of an in-store altercation. *Id*. ¶¶ 5, 8. According to Trusty, as the employees and officers escorted Trusty's party toward the exit, the employees "instructed the Conroe police officers to apprehend" her. *Id*. ¶ 8. At this point, Trusty says one officer grabbed her shoulder while another officer forced her to the ground, breaking her collar bone. *Id*. ¶ 5. She was arrested and transported to the police station, where she was detained and charged with (1) criminal trespass; (2) resisting arrest, search, or transport; and (3) failure to identify a fugitive

from justice. *Id.* Trusty pled not guilty to all counts, and the charges were dismissed by June 18, 2018. *Id.*

Trusty filed her original petition against Walmart on December 20, 2019, in the 284th Judicial District Court, Montgomery County, Texas. Dkt. 1-2 ¶ 6. Walmart removed Trusty's claims to this court on January 21, 2020. Dkt. 1.

On February 3, 2020, Walmart filed a partial motion to dismiss Trusty's claims for failure to state a claim. Dkt. 3. On May 13, 2020, this court issued an order giving Trusty 14 days to amend her pleading, or else her claims would be dismissed without prejudice. Dkt. 10 at 7. Trusty timely filed an amended pleading on May 29, 2020. Dkt. 11. On June 9, 2020, Walmart filed a 12(b)(6) motion to dismiss (Dkt. 12), on which the court now rules.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). At the pleading stage, the court must "accept all well-pleaded facts in the complaint as true and view the facts in the light most favorable to the plaintiff." *O'Daniel v. Indus. Serv. Sols.*, 922 F.3d 299, 304 (5th Cir. 2019). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 679. "[D]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009). When evaluating whether a plaintiff can establish a state court claim, district courts apply the substantive law of the

2

forum state. *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 421 (5th Cir. 2001) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

### III. ANALYSIS

*A.     Assault, Battery, & Offensive Contact*

Trusty's claims for civil assault, battery, and offensive contact form the core of her suit. Dkt. 11 ¶¶ 8–9. Because each of the claims fails for the same reason, the court will analyze these claims together.

A person commits an assault by "intentionally or knowingly caus[ing] physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001) (quoting Tex. Penal Code Ann. § 22.01); *see also Forbes v. Lanzl*, 9 S.W.3d 895, 900 (Tex. App.—Austin 2000, pet. denied) (noting the elements of assault are the same in both civil and criminal cases in Texas). Under Texas law, the elements of battery are: (1) offensive touching by the party committing the offense; (2) with any part of a plaintiff's person. *Price v. Short*, 931 S.W.2d 677, 687 (Tex. App.—Dallas 1996, no writ.). Under an offensive contact theory, "the defendant is liable not only for contacts which cause actual physical harm, but also those which are offensive and provocative." *Cotroneo v. Shaw Env't & Infrastructure, Inc.*, 639 F.3d 186, 195 (5th Cir. 2011).

Trusty also asserts a theory of participatory liability. Dkt. 11 ¶ 7. But Texas has not adopted a "concert of action" theory as an alternative to the direct liability theory required for assault or battery claims. *Juhl v. Airington*, 936 S.W.2d 640, 643–44 (Tex. 1996) (noting that this theory encompasses those "who lend aid or encouragement to the wrongdoer" and remains an "open question" under Texas law).

3

Trusty alleges that the police caused the contact, but does not allege that Walmart committed an assault, battery, or any offensive contact directly against her. *See* Dkt. 11 ¶ 8–9. She claims that the employees "made statements to the police and performed actions that caused the police to physically assault [her]," asserting that those employees "intentionally, knowingly or recklessly caused personal injury . . . by the words they spoke to the police officers." *Id.* ¶ 8. She also alleges that the employees "intended for such contact (battery) to occur due to their belief that [Trusty] was the perpetrator of an altercation . . . ." *Id.* ¶ 9. Each of the allegations is based upon contact initiated by "on-duty Conroe police officers," not Walmart employees. *Id.* ¶ 5. By her own admission, Trusty fails to establish the direct liability required for assault or battery in Texas.

Even if Texas courts were to recognize a "concert of action" (otherwise known as assisting or encouraging) theory of liability for civil assault or battery, Trusty fails to allege sufficient facts to establish such a claim. Trusty states that Walmart employees "intended by their words spoken to the police officers for contact to be made," but she does not allege that Walmart had any actual control over the actions of the officers. *Id.* ¶ 8–9. Nor does Trusty allege that Walmart actively assisted or encouraged law enforcement in their interactions with her, or that Walmart employees knew the officers would commit torts against her. Therefore, assuming "concert of action" is a viable theory for assault or battery liability, such a theory has no merit based on the facts alleged.[1] Trusty's claims for civil assault, civil battery, offensive contact, and participatory liability (assisting or encouraging) must fail.

---

[1] Oddly, Trusty also seems to claim that Walmart employees assisted or encouraged *each other* in causing the police to "view Plaintiff as a criminal," thereby causing the assault, battery, and arrest. *Id.* ¶ 7. This argument seeks to label each employee as both a wrongdoer and one who is assisting or encouraging. This formulation also has no merit.

Walmart presents two other arguments against assisting-or-encouraging liability. First, it contends that even if the Texas Supreme Court had formally adopted the assisting-or-encouraging theory, it would be inapplicable here because the theory was designed to deter "highly dangerous, deviant, or anti-social group activity which was likely to cause serious injury or death to a person or certain harm to a large number of people." Dkt. 12 ¶ 12–13 (citing *Juhl*, 936 S.W.2d at 645). Second, it argues that the theory requires that a primary actor be liable for the underlying tort. It asserts that this is impossible here for various reasons, including that the statute of limitations has run as to any possible primary tortfeasor, and that the claims are likely barred by immunity. Dkt. 12 ¶¶ 11–24. The court has no need to address these arguments because it has already acknowledged that Texas has not adopted an assisting-or-encouraging theory of liability. Nonetheless, as stated above, this claim would fail on other grounds even if the theory were adopted.

B.     *False Arrest & False Imprisonment*

Trusty alleges Walmart caused her arrest and detention, which she claims were unlawful, and therefore Walmart is liable for false arrest or imprisonment. Dkt. 11 ¶ 10. False imprisonment liability arises when a defendant willfully detains the plaintiff without the authority of law. *See Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). The Texas Supreme Court has explicitly adopted comment C to section 45A of the Restatement (Second) of Torts, which states that one who instigates a confinement "is subject to liability to the person confined for the false imprisonment. In the case of an arrest, [instigation] is the equivalent, in words or conduct, of 'Officer, arrest that man!'" *Id.* at 507–08. However, "[i]t is not enough for instigation that the actor has given information to the police about the commission of a crime, or has accused the other

5

of committing it, so long as he leaves to the police the decision as to what shall be done about any arrest, without persuading or influencing them." *Id.*

Trusty states that Walmart employees "spoke words to the Conroe police officers that identified [her] as a criminal triggering the officers' actions to grab her," but she does not explain what specifically was said. Dkt. 11 ¶ 10. Stated more bluntly, her assertion is conclusory. She does not allege any facts showing that Walmart employees clearly directed the officers to arrest her in such a way that rises to the level required by *Rodriguez*. Further, she does not allege that Walmart itself confined her in any way. Therefore, Trusty has not stated a claim for false imprisonment or false arrest because she failed to allege sufficient facts to show that Walmart employees instigated her arrest or detained her. Accordingly, her false imprisonment and false arrest claims also fail.

C.     *Respondeat Superior*

Finally, Trusty's reliance on *respondeat superior* is also misplaced. Under the doctrine of *respondeat superior*, "an employer is vicariously liable for its employee's negligent acts if those acts are within the course and scope of his employment." *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 131 (Tex. 2018). As previously discussed, Trusty has not alleged sufficient facts to show that any Walmart employees committed a negligent act. It is, of course, impossible to impute liability to Walmart for the torts of its employees if its employees have not committed any torts.

## IV. Conclusion

For the reasons stated , Trusty has not pleaded any claims to which she is entitled to relief.  Walmart's motion to dismiss (Dkt. 12) is **GRANTED**, and all of Trusty's claims are **DISMISSED WITH PREJUDICE**.

Signed at Houston, Texas on October 15, 2020.

_____
Gray H. Miller
Senior United States District Judge